McINTOSH MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9832.   Promulgated November 25, 1927.

*Robert H. Smith, Jr., Esq.,* and *H. H. Hunt, C. P. A.,* for the petitioner.

*M. N. Fisher, Esq.,* for the respondent.

OPINION.

MARQUETTE : We shall first discuss the two issues resulting from the respondent's adjustments of cotton inventories. It appears that the petitioner while asserting its right to price its December 31, 1918, raw cotton inventory at market, contending market to be lower than

cost, is at the same time inventorying the cotton in stock in process at an average designed to represent the "known price" without regard to market at the inventory date. There has been no evidence to differentiate by lot, grade, price, or otherwise, between the raw cotton in stock and the cotton in stock in process.

We know of no authority lending countenance to an inventory method under which two lots of the same merchandise which are similar and undistinguished, may be priced on different bases, and we find no merit in the petitioner's plea of convenience. The evidence shows that it was the petitioner's custom to take its closing inventories at cost or market, whichever was lower, and that it followed that custom in regard to its raw cotton in its closing inventory for 1918. The market price of cotton is admitted to have been lower than cost on that date, and the petitioner was, therefore, clearly within its rights in taking its inventory at market. For the reasons above stated, the December 31, 1918, inventory of stock in process should be taken on the same basis. We have before us no evidence as to the cost or market price of cotton as of December 31 of other years involved, and in the absence of that evidence we can only approve the respondent's determination as to the inventories of cotton in stock in process for those years.

The respondent has increased the petitioner's closing inventories of raw cotton by the addition of sums paid as warehousing and drayage charges on such of the cotton as the petitioner stored in a public warehouse because of its own limited storage facilities. The respondent's action is premised on the theory that these storage and drayage charges constituted an additional cost of the cotton. The petitioner contends that the payments are expense.

When the cotton was warehoused it had been acquired by the petitioner and was in its possession. The warehouse and drayage charges on a supply such as petitioner had on hand are business expenses and are properly deductible from income as such. They do not increase the cost of the cotton for inventory purposes. See *Appeal of George C. Peterson Co.*, 1 B. T. A. 690.

On the issues involving special assessment, allocations of manufacturing expense, etc., in computing the stock in process inventories and depreciation, the evidence is wholly inadequate to warrant us in disturbing the respondent's determination. The respondent's determinations in respect thereof are, therefore, approved.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*